# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>GREGORY SCOTT STEPHEN,<br><br>　　　　　Defendant. | No. 18-CR-31-LRR<br><br>**ORDER** |

_____

## *I. INTRODUCTION*

The matter before the court is Defendant Gregory Scott Stephen's "Request for Review and Revocation of the Magistrate's Pretrial Detention Order" ("Motion") (docket no. 3).

## *II. RELEVANT PROCEDURAL HISTORY*

On March 13, 2018, a Complaint (18-MJ-74-LRR docket no. 2) was filed against Defendant alleging that he knowingly transported child pornography in violation of 18 U.S.C. § 2252(a)(1).[1] *See* Complaint at 1. On March 13, 2018, Defendant appeared before United States Chief Magistrate Judge C.J. Williams for an initial appearance. *See* March 13, 2018 Minute Entry (18-MJ-74-LRR docket no. 8). On March 21, 2018, Defendant appeared before United States Magistrate Judge Kelly K.E. Mahoney for a detention hearing ("Hearing"). *See* March 21, 2018 Minute Entry (18-MJ-74-LRR docket no. 21). Defendant appeared in court with his attorneys, Mark Brown and Mark Meyer. Assistant United States Attorney Anthony Morfitt represented the government. At the

---

[1] On April 5, 2018, the government filed an Indictment (docket no. 2), charging Defendant with one count of transportation of child pornography in violation of 18 U.S.C. §§ 2252(a)(1) and 2252(b)(1). *See* Indictment at 1-2. The Indictment does not alter the court's analysis of the Motion.

Hearing, Judge Mahoney ordered Defendant detained, and she subsequently entered an order to that effect on March 22, 2018. *See* Order of Detention Pending Trial (18-MJ-74-LRR docket no. 22). On April 4, 2018, Defendant filed the Motion. On April 11, 2018, the government filed a Resistance (docket no. 8). On April 16, 2018, Defendant filed a Reply (docket no. 9). The matter is fully submitted and ready for decision.

### III. STANDARD OF REVIEW

A motion for revocation of a detention order is governed by 18 U.S.C. § 3145(b), which provides:

> If a person is ordered detained by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court, the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly.

18 U.S.C. § 3145(b). The court reviews a § 3145(b) motion de novo. *See United States v. Maull*, 773 F.2d 1479, 1481 (8th Cir. 1985) (en banc). The court is required to detain defendants prior to trial if the court "finds that no condition or combination of conditions will reasonably assure the appearance of the [defendant] as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). "The facts the [court] uses to support a finding . . . that no condition or combination of conditions will reasonably assure the safety of any other person and the community shall be supported by clear and convincing evidence." *Id*. § 3142(f). In contrast, a finding "that no condition or set of conditions . . . will reasonably assure the defendant's appearance" must be supported by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985) (emphasis omitted).

### IV. ANALYSIS

In the Motion, Defendant asserts that Judge Mahoney erred in finding that he poses a danger to the community. *See* Motion at 1-2. After conducting a de novo review of the

2

record, including the Pretrial Services Report (18-MJ-74-LRR docket no. 12) and the transcript of the March 21, 2018 detention hearing ("Hearing Transcript") (18-MJ-74-LRR docket no. 24), the court finds that Judge Mahoney's Order of Detention Pending Trial and her statements at the detention hearing accurately and thoroughly set forth the relevant facts and law. Additionally, for the reasons that follow, the court finds that detention is appropriate in this case.

First, the court considers the nature and circumstances of the offense alleged, including whether the offense involved a minor victim. *See* 18 U.S.C. § 3142(g)(1). Felony offenses or charges involving minor victims carry a rebuttable presumption in favor of detention. *See id*. § 3142(e)(3). The Complaint alleges that Defendant knowingly transported child pornography in violation of 18 U.S.C. § 2252(a)(1). *See* Complaint at 1. Defendant allegedly created these pornographic images by placing hidden cameras in bathrooms, capturing nude images of unknowing minors. Hearing Transcript at 78-86. This factor weighs in favor of detention. *See* 18 U.S.C. § 3142(g)(1).

Second, the court considers the weight of the evidence against Defendant. *See id*. § 3142(g)(2). At the hearing, Special Agent Ryan Kedley, of the Iowa Department of Public Safety, testified that a hidden recording device containing pictures of underage, nude minors was brought to law enforcement by a witness who found it in Defendant's home. Hearing Transcript at 71-74. In a pre-arrest interview, Defendant admitted to Special Agent Kedley that he had created those images in a hotel room in Lombard, Illinois. *Id*. at 78. During searches of Defendant's two residences, law enforcement found five additional covert recording devices. *Id*. at 84–86. Defendant, however, asserts that the evidence against him is not strong because, although, the testimony at the Hearing indicated that he possessed and transported images of nude, pubescent boys that depicted their genitals, "there was no claim that the nudity involved sexually explicit conduct." Brief in Support of Motion (docket no. 3-1) at 6. Defendant argues that theses images, therefore, do not fall within the purview of the statute. *Id*. (citing 18 U.S.C. § 2252(a)(1)

3

(criminalizing the transportation of images which depict, and whose production involved, "a minor engaging in sexually explicit conduct")).

Defendant is incorrect. "Sexually explicit conduct," for purposes of 18 U.S.C. § 2252, includes "lascivious exhibition of the genitals or pubic area of any person." 18 U.S.C. § 2256(2)(A)(v). The Eighth Circuit Court of Appeals has said that an image is lascivious, and therefore constitutes child pornography, "when the child is nude or partially clothed, when the focus of the depiction is the child's genitals or pubic area, and when the image is intended to elicit a sexual response in the viewer." *United States v. Horn*, 187 F.3d 781, 789 (8th Cir. 1999). "The 'lascivious exhibition' is not the work of the child, whose innocence is not in question, but of the producer or editor of the video." *Id*. at 790; *see also United States v. Holmes*, 814 F.3d 1246, 1251-52 (11th Cir. 2016) ("[D]epictions of otherwise innocent conduct may in fact constitute a 'lascivious exhibition of the genitals or pubic area' of a minor based on the actions of the individual creating the depiction."). In this case, Defendant allegedly admitted to Special Agent Kedley that he recorded the images in question out of a "sexual curiosity" and that he became aroused while viewing them. Hearing Transcript at 82-83. Additionally, the secretive and extensive nature of Defendant's efforts to record nude, pubescent boys indicates that these images were created for his sexual gratification. As such, the court finds that the evidence against Defendant is strong. This factor weighs in favor of detention. *See* 18 U.S.C. § 3142(g)(2).

Third, the court considers the history and characteristics of Defendant. *See id*. § 3142(g)(3). Defendant was born in Cedar Rapids, Iowa and has lived in Delhi, Iowa for the past nine years. *See* Pretrial Services Report at 1. Defendant has significant ties to the area, as his parents, sister, step-sister and several nieces and nephews reside in the area. *See id*. at 1-2. Defendant has maintained steady employment for the past eighteen years. *See id*. at 2. For the past six years, he has worked at his father's car dealership in Monticello, Iowa. *See id*. at 2. Defendant has no criminal history, and this case appears

to be his first arrest. These facts indicate that Defendant poses a low risk of flight, and therefore weigh in favor of release. *See* 18 U.S.C. § 3142(g)(3).

Fourth, the court considers "the nature and seriousness of the danger to any person or the community that would be posed by [Defendant's] release." *Id*. § 3142(g)(4). Because this case involves a minor victim, there is a rebuttable presumption that no conditions can reasonably assure the safety of the community if Defendant is released. *See* 18 U.S.C. § 3142(e)(3). "[A] defendant bears a limited burden of production—not a burden of persuasion—to rebut that presumption by coming forward with evidence he does not pose a danger to the community . . . ." *United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003) (quoting *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). "Once a defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the district court." *Id*. If the presumption is rebutted, the government bears the burden to prove by clear and convincing evidence that no conditions can reasonably assure the safety of the community if a defendant is released. *See* 18 U.S.C. § 3142(f).

The court finds that Defendant met his limited burden of production by offering some evidence indicating that he is not a danger to the community. The court further finds, however, that the government has proved by clear and convincing evidence that no conditions of release can reasonably assure that Defendant will not pose a danger to the community. Defendant presented the testimony of Dr. Luis Rosell, a forensic psychologist who testified that, in his opinion, Defendant would pose little risk to the community if released. *See* Hearing Transcript at 7. The court gives limited weight to Dr. Rosell's testimony. Dr. Rosell is not Defendant's treating psychologist, but rather met with Defendant for approximately two and a half hours in anticipation of an upcoming criminal charge. *See id*. at 12, 17. During the evaluation, Defendant was defensive and underreported his own conduct. *See id*. at 14. Importantly, Dr. Rosell's opinion rested

5

in large part on the belief that Defendant had never committed a "hands on" offense—that is, that he had never had inappropriate physical contact with a minor. *See id*. at 7-10. The government, however, presented evidence that Defendant had committed hands-on offenses, largely blunting the impact of Dr. Rosell's testimony.

Special Agent Kedley testified that Defendant is a youth basketball coach who frequently takes his teen and pre-teen players on road trips away from the supervision of their parents. *See id*. at 74-76. One of Defendant's former players described to Special Agent Kedley an incident in which he was inappropriately touched by Defendant. *See id*. at 90. The witness stated that, when he was fifteen years old, he shared a bed with Defendant on a road trip and awoke during the night to find that Defendant was touching his buttocks while masturbating. *See id*. The child tried to get out of the bed, but Defendant directed him back into the bed and resumed touching him. *See id*. at 90-91. Another former player also described being touched on the buttocks by Defendant while sharing a bed with him during a road trip. *See id*. at 91. Finally, another former player described, at age thirteen, waking up in the night to find Defendant masturbating in the bed next to him. *See id*. at 88-89. These incidents are of grave concern to the court as they seriously undermine the credibility of Dr. Rosell's opinion and strongly indicate that Defendant poses a danger to the community. These alleged abuses, considered in conjunction with the other aforementioned factors, leave the court firmly convinced that there are no conditions of release that the court could impose on Defendant that would reasonably assure the safety of the community.

Defendant objects to the court considering these incidents, stating that "there is nothing in the relevant statute that allows a judge to . . . rely on allegations of uncharged conduct unrelated to the offense for which . . . [D]efendant is actually charged." Motion at 2. Defendant is incorrect. The court is required to consider both "past conduct" and "criminal history" in determining whether Defendant poses a danger to the community. 18 U.S.C. § 3142(g)(3). Defendant also incorrectly relies on *United States v. Leyba*, 104

F. Supp. 2d 1182, 1184 n.2 (S.D. Iowa 2000), which he argues proscribes the consideration of uncharged conduct. *See* Brief in Support of Motion at 7. *Leyba* is inapposite. In *Leyba*, the court concluded that it could not consider a defendant's prior arrests that did not result in a conviction as a reason for detention. *See Leyba*, 104 F. Supp. 2d at 1184 n.2. In the absence of a conviction, however, the fact that a defendant was arrested for some prior offense is not evidence that he committed a particular act. By contrast, in this case the court is considering past conduct for which the government has offered evidence. "[A]n arrestee's past conduct is essential to an assessment of the danger he poses to the public, and this will inform a court's determination [of] whether the individual should be released on bail." *Maryland v. King*, 569 U.S. 435, 453 (2013). Accordingly, the court properly considers these alleged incidents in making its determination.

After considering all of the factors listed in 18 U.S.C. § 3142(g), and for the reasons set forth in the Order of Detention Pending Trial, the court finds by clear and convincing evidence that Defendant is a danger to the community and "that no condition or combination of conditions will reasonably assure . . . the safety of any other person and the community." 18 U.S.C. § 3142(e)(1).

### V. CONCLUSION

In light of the foregoing, the Motion (docket no. 3) is **DENIED**. Defendant shall remain in the custody of the United States Marshals Service pending further order of the court.

**IT IS SO ORDERED.**

**DATED** this 16th day of April, 2018.

_____
LINDA R. READE, JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA