IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>GREGORY SCOTT STEPHEN,<br><br>　　　　Defendant. | No. 18-CR-31-CJW<br><br>**ORDER** |

　　　This matter is before the Court on defendant's Motion to Reconsider[1] (Doc. 60),[2] which asks the Court to reverse the Court's October 12, 2018 Order (Doc. 55). The October 12, 2018 Order denied defendant's Motion to Dismiss (Doc. 11), Motion to Suppress (Doc. 12), and Motion for a *Franks* Hearing (Doc. 41). In his present motion,

---

[1] Defendant states that "there appears to be no rule of criminal procedure that would prevent a defendant from seeking reconsideration of a ruling of the Court." (Doc. 60, at 1). Although no rule bars litigants from filing a motion for reconsideration, such a filing should be made judiciously. "A motion for reconsideration should not be used as a vehicle to present evidence that was available when the matter was initially adjudicated." *United States v. Luger*, 837 F.3d 870, 875 (8th Cir. 2016). *See also United States v. Beasley*, No. 94-127(1)(DSD), 2015 WL 251999, at *1 (D. Minn. Jan. 20, 2015) ("A motion to reconsider should not be employed to relitigate old issues but rather to 'afford an opportunity for relief in extraordinary circumstances.'" (quoting *Dale & Selby Superette & Deli v. U.S. Dep't of Agric.*, 838 F. Supp. 1346, 1348 (D.Minn.1993))). Defendant has brought no new evidence that was unavailable at the time the Court first denied defendant's motion to suppress, nor does the Court find that this case presents extraordinary circumstances. Nevertheless, the Court will consider defendant's motion.

[2] The Court notes that defendant failed to file a contemporaneous brief in support of the Motion, as required by the Local Rules. *See* LR 7(b)(3) ("A brief must be filed as an electronic attachment to the motion it supports under the same docket entry as the motion."); LR 7(d) ("For every motion, the moving party must prepare a brief containing a statement of the grounds for the motion and citations to the authorities upon which the moving party relies."). Counsel for defendant is advised to comply with the Local Rules in the future.

defendant only asks the Court to reverse its ruling in Section III(C) of the Order, in which the Court found that defendant's Fourth Amendment rights were not violated when law enforcement held a USB camera device for forty-eight hours before obtaining a warrant. The government did not file a resistance to defendant's motion. For the following reasons, the Court **denies** defendant's motion.

Defendant brings three arguments. First, defendant argues that the Court should reconsider its ruling because defendant maintained an expectation of privacy in the contents of the USB device even after the device was taken from his home by a private individual. (Doc. 60, at 3). In support thereof, defendant incorrectly states that "[t]he Court used an 'expectation of privacy' analysis to conclude that no warrant was required to seize the device or hold it without obtaining a warrant." (*Id.*). Accurately stated, however, the Court held that law enforcement did not infringe on defendant's property interest in the USB device any further than the private party already had. (Doc. 55, at 16-17).

The Court analogized the instant case to the United States Supreme Court's privacy interest analysis in *United States v. Jacobsen*, 466 U.S. 109 (1984). (*Id.*). In *Jacobsen*, the Supreme Court held that a defendant has no reasonable expectation of privacy in a package that has already been searched by a third party. 466 U.S. at 118-20. Similarly, this Court found that law enforcement's retention of the USB device did not further interfere with defendant's property interest in the USB device because the device had already been seized by a third party. (Doc. 55, at 16-17).

Defendant argues that *Jacobsen* is distinguishable because in that case, "the defendant had voluntarily relinquished control over his property by turning it over to a third party," whereas in this case, the subject item was taken without defendant's permission. (Doc. 60, at 3). This distinction is not meaningful. *Jacobsen* dealt with the defendant's privacy interest in a package sent through a private freight shipper. The

Supreme Court found that once a private party had searched the package, law enforcement did not violate the defendant's Fourth Amendment rights by searching the package to the same extent as the private party had. *Jacobsen*, 466 U.S. at 118-20. In the instant case, this Court similarly held that once a private party seized the USB device, law enforcement did not violate defendant's Fourth Amendment rights by taking possession of the device from the private party. The Court declines to reverse its prior holding based on defendant's first argument.

Second, defendant asserts that because the USB device "recorded things that occurred in [defendant's] home," law enforcement's search of the USB device was "tantamount to a warrantless search of [defendant's] home." (Doc. 60, at 4). Defendant cites no authority for this premise. Defendant argues that the private search exception does not apply to private dwellings and, in support, cites case law from the Sixth Circuit Court of Appeals and the New Jersey Supreme Court. (*Id.*). Diligent research, however, reveals that the Eighth Circuit Court of Appeals does not place such a limit on the private search exception. In *United States v. Miller*, the Eighth Circuit held that the defendant's Fourth Amendment right against unreasonable searches was not violated when law enforcement searched the defendant's apartment to the same extent a private third party had already searched the apartment. 152 F.3d 813, 815-16 (8th Cir. 1998). Applying *Miller* to the facts of the instant case, even if the Court were to accept that the search of the USB device was tantamount to a warrantless search of defendant's home, the Court would still be bound to find that the search was valid because it did not exceed the scope of the prior third-party search.

Finally, defendant argues that law enforcement violated defendant's Fourth Amendment rights by retaining the USB device for two days before obtaining a warrant. (Doc. 60, at 5-8). Defendant cites *United States v. Gomez*, 312 F.3d 920 (8th Cir. 2002), for the proposition that a delay in obtaining a warrant to search a previously-seized item

3

is lawful only if law enforcement "acted as expeditiously as the circumstances would allow." (Doc. 60, at 7 (internal quotation marks omitted)). Defendant's argument misconstrues the language of *Gomez*. In *Gomez*, the Eighth Circuit Court of Appeals held that law enforcement did not violate the defendant's Fourth Amendment rights by maintaining possession of a package for approximately fifteen hours before obtaining a warrant. 312 F.3d at 925-26. Although the Eighth Circuit did comment that law enforcement "acted as expeditiously as the circumstances would allow," the Eighth Circuit did not adopt or apply such expediency as the standard for a lawful detention. *Id.* at 926. Instead, the Eighth Circuit examined "the reasonableness of the detention after the package was seized." *Id.* at 925. The Court has already found that the two-day delay in the instant case was adequately explained and was reasonable, and the Court will not repeat that discussion here. (Doc. 55, at 17-20).

Nothing in defendant's motion leads the Court to a different conclusion than the Court reached previously, and defendant has brought no new evidence. Accordingly, defendant's Motion to Reconsider (Doc. 60) is **denied**.

**IT IS SO ORDERED** this 31st day of October, 2018.

_____
C.J. Williams
United States District Judge
Northern District of Iowa