UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA, | )<br>)<br>) Criminal No. 1:18-CR-031 |
| v. | )<br>) MOTION TO EXCLUDE EVIDENCE<br>) REGARDING THE MSI II |
| GREGORY SCOTT STEPHEN, | ) |
| Defendant. | ) |

COMES NOW the United States of America, by and through undersigned counsel, and hereby moves the Court to exclude any evidence regarding the Multiphasic Sexual Inventory II (MSI II). Defendant failed to disclose the MSI II answers by April 26, 2019, in violation of the Court's oral order on April 24, 2019.

1. Sentencing in this matter is scheduled for May 2, 2019, at 9am, in Courtroom 1.

2. On February 13, 2019, via email, defense counsel disclosed to the government Dr. Mills' report for Defendant. By the date of the report, Dr. Mark J. Mills, JD, MD had administered, among other tests, the MSI II, to Defendant. He had also submitted Defendant's responses and received the computer-generated report.

3. On February 22, 2019, the Court conducted as status conference concerning the sentencing hearing. (Dkt. 77.) During the status conference, the parties and the Court discussed the handling of expert witnesses. The government requested disclosure from the defense of all materials, including raw data, for tests and examinations administered to Defendant by Defendant's expert witness. Defense counsel raised a concern about disclosing protected, proprietary materials associated with the tests. To address this concern, the Court ordered defense

counsel to direct their expert witness, Dr. Mills, to directly send his materials, including raw data, to the government's expert witness for review. The parties agreed to this plan.

4. On March 1, 2019, via email, the government advised defense counsel that it had hired Dr. Anna C. Salter as an expert, provided her email address, and, in accordance with the Court's direction, asked defense counsel to direct Dr. Mills to directly send to Dr. Salter "all of their materials, including but not limited to interview notes, impressions, raw data, tests administered, reports, and conclusions." On March 4, 2019, defense counsel advised that he had been "in touch with Dr. Mills about this".

5. On March 26, 2019, the government, via email, advised defense counsel that Dr. Salter had not yet received any materials from Dr. Mills and requested defense counsel to instruct Dr. Mills to email the materials directly to Dr. Salter. That day, defense counsel responded that he would check with Dr. Mills and that defense counsel believed Dr. Mills had sent an email to Dr. Salter some time ago to arrange for transmitting the reports and Dr. Salter had not responded to Dr. Mills. Defense counsel subsequently sent the government a copy of the email Dr. Mills had sent to Dr. Salter on March 5, 2019. Dr. Mills had requested Dr. Salter call him "to discuss the above-referenced defendant."

6. On April 4, 2019, via email, the government advised defense counsel that Dr. Salter did not want to have a phone conversation and again requested defense counsel to instruct Dr. Mills to directly email the materials to Dr. Salter. In response to defense counsel's inquiry, the government advised Dr. Salter did not want to have a phone conversation with Dr. Mills because there would not be a witness to the conversation. Defense counsel called Dr. Salter's concern "an excuse" that was "ludicrous". He further stated that Dr. Mills was out of the office and would not address the matter until he returned four days later on Monday, April 8, 2019. The government

advised it would file a motion to compel if Dr. Salter did not receive the materials on April 8, 2019.

7.      On April 8, 2019, more than a month after the government's request, Dr. Salter began receiving some materials from Dr. Mills. Notably, the materials did not contain the questions or answers from the MSI II.

8.      On April 23, 2019, the government learned that Dr. Salter had never been provided the questions or answers from the MSI II. Via email, the government requested that defense counsel instruct Dr. Mills to send those materials as soon as possible to Dr. Salter. In response, defense counsel failed to address directly the government's request and instead referred the government to a paragraph in Dr. Mills' report that concerned the proprietary nature of the test questions. The government advised defense counsel that the Court had ordered the parties to have the experts exchange materials directly to avoid proprietary issues and again requested the materials be sent to Dr. Salter. Defense counsel continued to refuse to disclose the requested materials. That day, the government filed a motion to compel discovery forthwith. (Dkt. 93.)

9.      On April 24, 2019, the Court set a hearing on the government's motion scheduled for that afternoon. (Dkt. 94.) Defense counsel filed a response to the government's motion, claiming that Dr. Mills lacked authority to disclose the test questions and answers and claiming the answers were irrelevant. (Dkt. 94.) During the hearing, the Court ordered that "Defense's expert must produce the raw data underlying all testing done on defendant by close of business on Friday, April 26, 2019. If the defense fails to do so, the defense expert will not be permitted to testify about the results of any testing nor to any opinion that is based on those tests." (Dkt. 98.)

10.     On April 26, 2019, Dr. Mills emailed Dr. Salter only the test questions for the MSI II.

3

11. On April 29, 2019, the government was informed by Dr. Salter that Dr. Mills had not provided the answers to the MSI II. That day, the government informed defense counsel that Dr. Mills had not sent Dr. Salter the answers for the MSI II and requested an explanation. Defense counsel responded that "[a]pparently a mix-up" had occurred and that he would contact Dr. Mills and instruct him to send the answers to Dr. Salter. In a subsequent email, defense counsel informed the government that Dr. Mills had thought that defense counsel was going to provide Dr. Salter with the answers. Defense counsel further stated that he had asked Dr. Mills to send the answers to Dr. Salter, and that, to be sure they were transmitted, defense counsel himself would also send them to Dr. Salter. Dr. Salter received the answers to the MSI II from defense counsel after 8pm on April 29, 2019.

12. In reviewing the questions and answers for the MSI II, the government has learned they concern information regarding the sexual tendencies of Defendant that are highly relevant.

13. At about 4pm on the afternoon of April 30, 2019, the government conferred with Dr. Salter. She noted that Defendant gave numerous answers on the MSI II that were clearly inaccurate or inconsistent, both within the test itself and when compared with the evidence.

14. Dr. Salter is left with less than three days to review the results of the MSI II and further confer with government counsel prior to sentencing. The government was provided with the MSI II results after the passing of the deadline for responding to Defendant's sentencing submissions, and, as such, was not able to prepare a response to the MSI II. The MSI II is the centerpiece of Defendant's argument for a downward variance.

15. Based on defense counsel's failure to abide the Court's order, any evidence regarding the MSI II, or based on the MSI II, should be excluded.

16. In the alternative, the government seeks a continuance of the sentencing hearing to allow for sufficient time to respond to the MSI II.

WHEREFORE, the Government respectfully requests that the Court exclude any evidence regarding the MSI II. In the alternative, the Government respectfully requests a continuance of the sentencing hearing.

Respectfully Submitted,

Marc Krickbaum
United States Attorney

By:   */s/ Amy Jennings*
   */s/ Clifford R. Cronk III*
Clifford D. Cronk III
Amy Jennings
Assistant United States Attorneys
U.S. Courthouse Annex, 2nd Floor
110 E. Court Avenue
Des Moines, Iowa 50309
Tel: (515) 473-9300
Fax: (515) 473-9292
Email: cliff.cronk@usdoj.gov
   amy.jennings2@usdoj.gov

**CERTIFICATE OF SERVICE**
I hereby certify that on April 30, 2019, I electronically filed the foregoing with the Clerk of Court using the CM ECF system. I hereby certify that a copy of this document was served on the attorneys of record and U.S. Probation by:

___ U.S. Mail   ___ Fax   ___ Hand Delivery   _X_ ECF/Electronic filing   ___Email

UNITED STATES ATTORNEY

By:   */s/ Amy Jennings/Cliff Cronk*
   Amy Jennings/ Cliff Cronk